# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| TERESA L. PHELPS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF PARMA, Idaho; CRAIG TELFORD, individually and as Mayor of the City of Parma; ALBERT ERICKSON, individually and as Chief of Police, City of Parma; NATHAN LEIGH, individually and as Council Member, City of Parma; ONEY EGUIA, individually and as Council Member, City of Parma; ANGIE LEE, individually and as Council Member, City of Parma; TOM SMITH, individually and as Council Member, City of Parma,<br><br>    Defendants. | Case No.: 1:14-cv-00085-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND IMPROPER RESPONSES TO THE COMPLAINT**<br><br>**(Docket No. 11)** |

Now pending before the Court is Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Improper Responses to the Complaint ("Motion to Strike") (Docket No. 11). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. BACKGROUND

Only certain of the facts giving rise to the instant action are important for the purposes of resolving the at-issue Motion, as described to follow. Plaintiff alleges that, because of her whistle-blowing activities, she was denied a year-end raise and not reappointed as the City Clerk for the City of Parma, Idaho. Plaintiff's Complaint seeks damages under the Fair Labor Standards Act, the United States and Idaho Constitutions, and the Idaho Public Employees

**ORDER - 1**

Protection Act. Through their Answer, Defendants deny the allegations informing Plaintiff's claims against them, while also asserting fourteen "defenses." Pursuant to FRCP 12(f), Plaintiff moves to strike various of the Answer's stated defenses and responses.

## II. <u>DISCUSSION</u>

Under FRCP 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, motions under FRCP 12(f) are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

Courts have broad discretion in deciding such motions. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993). The motions are construed in the light most favorable to the non-moving party, and will be denied if the challenged defenses have "'any relation to the subject matter of the controversy, could be held to in any manner defeat the plaintiff's claim, or if it fairly presents any question of fact or law.'" *United States v. 45.43 Acres of Land Situate in Ada County, Idaho*, 2009 WL 1605127, *2 (D. Idaho 2009) (quoting *United States v. Articles of Food . . . Clover Club Potato Chips*, 67 F.R.D. 419, 421 (D. Idaho 1975)). Still, "[a]n affirmative defense may be stricken as insufficient if 'it is not recognized as a defense to the cause of action.'" *45.43 Acres*, 2009 WL 1605127 at *2 (quoting *Tonka Corp. v. Rose Art Indus.*, 836 F. Supp. 200, 217 (D. N.J. 1993)).

A.  **Plaintiffs' Objections to Defendants' Stated "Defenses"**

Plaintiff objects to 13 of the 14 defenses raised by Defendants (only the Third Defense is unchallenged). *See* Mem. in Supp. of Mot. to Strike, pp. 8-13 (Docket No. 11, Att. 1).

To begin, Plaintiff takes aim at Defendants' Fourth, Sixth, Seventh, Ninth, Eleventh, and Twelfth Defenses, arguing that "[d]efenses that merely negate an element of Plaintiff's proof are not affirmative defenses because they merely controvert an element of Plaintiff's prima facie case." *Id*. at p. 9-10. Setting aside the issue of whether such defenses are even "affirmative defenses" as that term is used in the Federal Rules of Civil Procedure,[1] there is no purpose to be served under the rule for such judicial pruning here. The issue was raised in a case recently considered by U.S. Magistrate Judge Candy W. Dale, and the undersigned is satisfied that Judge Dale's reasoning in that case is apropos to the pending dispute:

> The Court also declines in this case to strike Defendants' allegedly redundant defenses. It is true that defenses that negate an element of, or assert a defect in, a plaintiff's prima facie case are negative, not affirmative, defenses. But, at this stage in the litigation, striking negative defenses would do little more than tidy up the pleadings. [Plaintiff] would still have the burden of proving his prima facie case and Defendants would still be entitled to argue that he does not state a claim upon which

---

[1] Defendants point out that the majority of their stated defenses are not actually identified as affirmative defenses under FRCP 8(c), arguing instead that they are asserted:

> in accordance with FRCP 8(b)(1)(A) which requires: "In responding to a pleading: a party must state in short and plain terms its defense to each claim asserted against it." There is no indication that this is limited to affirmative defenses, as Plaintiff seems to imply through his briefing, as it simply references defenses to each claim. Additionally, affirmative defenses are specifically addressed in FRCP 8(c). Had Defendants not stated their defenses in their Answer, they would not have been complying with FRCP 8(b)(1)(A), and so Plaintiff's arguments that these other defenses should not be stricken as not being affirmative defenses overreaches in context with this Rule.

Opp. to Mot. to Strike, p. 2 (Docket No. 14) (internal citations omitted).

**ORDER - 3**

relief can be granted. Given these practical realities, the Court is loath to micro-manage the pleadings merely to credit [Plaintiff's] technical points.

*McBurney v. Lowe's Home Centers, LLC*, 2014 WL 2993087, *3 (D. Idaho 2014) (internal citations omitted). Such reasons apply here, and the Motion to Strike is denied in this respect.

Next, Plaintiff challenges Defendants' First Defense as simply reserving a right to amend that is unnecessary in light of FRCP 15. *See* Mem. in Supp. of Mot. to Strike, p. 11 (Docket No. 11, Att. 1). There is just no point in striking such material from Defendants' Answer. The information contained within Defendants' First Defense simply puts Plaintiff's counsel on notice of what Defendants' counsel considers to be the potential defenses known at that time. While not required to be included, such a statement is not unusual and, more importantly, not remotely burdensome to Plaintiff toward preparing her case moving forward. At most, it reiterates FRCP 15's charge; nothing more, nothing less. Plaintiff's Motion to Strike is denied in this respect.

Likewise, Plaintiff's issue with Defendant asserting that Plaintiff's Complaint fails to state a claim upon which relief can be granted (Defendants' Second and Tenth Defenses) misses the point. It is true, as Plaintiff contends, that these defenses are "bare allegations" and "allege no facts." *Id*. However, they put Plaintiff on notice that Defendants generally believe that Plaintiff's claims are unsupported. Under FRCP 8(b) and 8(c), the responding party must "state" defenses to the claims asserted against it; here, Defendants did just that by properly presenting a defense outlined within FRCP 12(b)(6). The fact that it is a catch-all type statement does not make it inappropriate; rather, it is consistent with a "cover-the-waterfront" statement commonplace to a defendant's answer regarding whether or not a complaint has stated a claim for relief. In essence, the statement is one which makes abundantly clear that the defendant is putting everything contained in the complaint at issue. Nothing changes as to testing defenses

**ORDER - 4**

during discovery or, ultimately, in future motion practice. Until then, they simply reiterate Defendants' position as to Plaintiff's claims. The fact that such defenses may not be classic affirmative defenses does not mean that they should be dismissed, nor does their inclusion prejudice Plaintiff in her ability to prosecute her lawsuit. Hence, Plaintiff's Motion to Strike is denied in this respect.[2]

Plaintiff also seeks to strike Defendants' Fifth, Eighth, Thirteenth, and Fourteenth Defenses, arguing such defenses are inapplicable as a matter of law. *See id.* at pp. 12-13. For example, Plaintiff contends that the defenses Eight and Thirteen, relating to the Idaho Tort Claims Act, do not apply because "federal claims preempt any requirement to comply with the

---

[2] Plaintiff relies, in part, but ultimately unpersuasively, upon the heightened pleading standards found in *Iqbal* and *Twombly* to argue that certain of Defendants' defenses are not pled with sufficient particularity (*see* Mem. in Supp. of Mot. to Strike, pp. 6-7 (Docket No. 11, Att. 1)). As to that argument, the undersigned agrees with Judge Dale's description of the applicable law, in *McBurney*:

> Although district courts are divided on whether *Twombly* and *Iqbal* apply to affirmative defenses, [Plaintiff's] argument based on these cases is unpersuasive. Notably, the Ninth Circuit has continued to apply the fair notice standard to affirmative defenses and *Iqbal* and *Twombly*. In addition, the Court is mindful that plaintiffs have significantly more time to formulate a complaint than defendants have to draft an answer. This asymmetry warrants "some latitude," considering that defendants risk waiving affirmative defenses not pled.
>
> Moreover, neither *Twombly* nor *Iqbal* address the pleading standard for affirmative defenses. Both cases dealt with the sufficiency of complaints and both explicitly construed the pleading requirement contained in Rule 8(a)(2). That Rule, unlike Rules 8(b) and (c), requires a "showing that the pleader is entitled to relief." Indeed, the Rule 8(a)(2) "showing" requirement was the textual foundation for the Supreme Court's decisions raising the pleading standard for civil complaints. In contrast, Rules 8(b) and (c) merely require the responding pleader to "state" its defenses. [Plaintiff] does not explain why the "showing" requirement should be read into rules from which it is absent, and the Court declines to do so.

*McBurney*, 2014 WL 2993087 at *2-3 (internal citations omitted).

**ORDER - 5**

notice requirements of the state tort act." *Id.* at p. 12.  Yet, Plaintiff's own Complaint references compliance with the Act.  *See* Compl., p. 2 (Docket No. 1); *see also* Mem. in Supp. of Mot. to Strike, p. 12 (Docket No. 11, Att. 1).  Plaintiff's claims may or may not implicate the Idaho Tort Claims Act – if they do, Defendants' Eighth and Thirteenth Defenses apply; if they don't those defenses fall by the wayside.  However, that question is not fully presented here and the Court will not rule upon such questions until the issue is more fully framed, particularly when the context of the pending Motion (as with similar motions seeking a ruling based on the pleadings only) requires that the Court construe reasonable inferences in favor of the non-movant.

Concerning Defendants' Fourteenth Defense based upon the bond requirement found in Idaho Code § 6-610, Plaintiff argues that it is preempted by federal law and does not apply in any event to the Whistleblower Act claim "since the Chief is not being sued because of his actions in exercising his police powers." *Id*.  Defendants disagree.  *See* Opp. to Mot. to Strike, p. 5 (Docket No. 14).  Here again, the issue framed is not properly decided in the context of a motion to strike, as the eventual record upon this particular issue is incomplete and the inferences that can reasonably be drawn in favor of the non-movant preclude the relief sought by Plaintiff.

Finally, even though Plaintiff claims a right to monetary/compensatory damages, she alternatively requests that she "be awarded such other and further legal *and equitable* relief as may be found appropriate and as the Court may deem just or equitable."  Compl., p. 18 (Docket No. 1) (emphasis added).  Defendants' Fifth Defense contests any right to equitable relief because she "has stated a claim for damages in her Complaint and therefore has acknowledged that she has an adequate remedy at law."  Ans., p. 10 (Docket No. 10).  So long as Plaintiff's

**ORDER - 6**

Complaint speaks to equitable relief (even if alternatively pled and provided at the Court's discretion), such a defense is not irrelevant as Plaintiff contends. *See* Mem. in Supp. of Mot. to Strike, p. 13 (Docket No. 11, Att. 1). As a result, it will not be stricken. Plaintiff's Motion to Strike is denied in this respect.

**B.     Plaintiffs' Objections to "Legal Conclusion" Responses Within Defendants' Answer**

In multiple instances, Defendants' Answer states that allegations within Plaintiff's Complaint contain legal conclusions and, to the extent a response is required as a result, they are denied. *See, e.g.*, Ans., ¶¶ 7-13, 32, 34, 40, 42, 45, 48, & 51 (Docket No. 10). Plaintiff argues that FRCP 8 "contains no such exception for responding to an allegation in a complaint" and that "[r]equiring Defendants to admit or deny these legal conclusions would streamline this case by allowing Plaintiff to know whether Defendants agree with the legal assertions, but disagree with some of Plaintiff's facts, or whether Defendants disagree as to both the factual allegations <u>and</u> the law." Mem. in Supp. of Mot. to Strike, pp. 13-14 (Docket No. 11, Att. 1) (emphasis in original). Accordingly, Plaintiff asks the Court to order Defendants to revise/clarify these particular responses.

Here, Defendants did not simply respond to certain of Plaintiff's allegations by stating matter-of-factly that they contain legal conclusions; instead, they responded to certain factual material the best they could and then, as to what they considered legal conclusions, denied them. Such responses are permitted, and the Court again agrees with Judge Dale's discussion of the Rule 8(b) issues raised by this discrete issue, as described in her *McBurney* decision:

> Rule 8(b) authorizes three responses to an allegation in a complaint: (1) an admission, (2) a denial, or (3) a statement of absence of knowledge or information sufficient to form a belief about the truth of an allegation. Simply averring that a plaintiff's allegations "state a legal conclusion to which the defendant is not required

**ORDER - 7**

to respond" would be insufficient under this Rule. But Defendants went further and denied the allegations to the extent necessary. This is enough to satisfy Rule 8(b). If [Plaintiff] wishes to "pin down" Defendants on their denials, he may do so through the discovery process, either through requests for admissions or depositions. Therefore, [Plaintiff's] motion is denied with respect to Defendants' qualified denials.

*McBurney*, 2014 WL 2993087 at *4 (internal citations omitted). As Defendants suggest in their briefing, Plaintiff is advised to "simply consider Complaint paragraphs 7-13, 32, 34, 40, 42, 45, 48, and 51 as denied, as is stated in Defendants' Answer." Opp. to Mot. to Strike, p. 6 (Docket No. 14). Plaintiff's Motion to Strike is denied in this respect.

### III.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Improper Responses to the Complaint ("Motion to Strike") (Docket No. 11) is DENIED.

DATED:  **March 2, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge